Patrick M. Howe (SBN 154669)
*pat@patrickhowelaw.com*
PATRICK HOWE LAW, APC
402 W. Broadway, Ste. 1025
San Diego, CA 92101
(619) 398-3422 Phone
(619) 452-2507 Fax

Attorney for plaintiff
United Financial Casualty Company

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United Financial Casualty Company,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>The Wheel Logistics, Inc.; Haolin Lu; and Xuezhi Ren;<br><br>　　　　Defendants. | Case No. 5:23-cv-1096<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff United Financial Casualty Company ("UFCC") alleges as follows:

## JURISDICTION

1. Jurisdiction exists under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

2. Venue is proper under 28 U.S.C. § 1391 because, for venue purposes, each defendant resides in this judicial district and a substantial part of the events or omissions giving rise to the claims alleged herein occurred within this judicial district.

## PARTIES

3. UFCC is a corporation incorporated under the laws of Ohio. Its principal place of business is in Ohio.

4. Defendant The Wheel Logistics, Inc. is a corporation incorporated under the laws of California. Its principal place of business is in Chino Hills, California.

5. Defendant Haolin Lu is a natural person. He is a citizen of California. He resides in California.

6. Defendant Xuezhi Ren is a natural person. He is a citizen of California. He resides in California.

## GENERAL ALLEGATIONS

7. UFCC is an insurance company. On November 27, 2022, UFCC insured The Wheel Logistics, Inc. under insurance policy no. 01031332-2 (the "UFCC policy"). The UFCC policy was subject to several forms, including the 6912 (02/19) commercial auto form and the Z433 CA (04/08) commercial general liability form.

8. At the time, The Wheel Logistics, Inc. was a motor carrier engaged in interstate trucking activities and registered with the Federal Motor Carrier Safety Administration under Department of Transportation DOT no. 3258186. The UFCC policy was issued to meet the needs of this type of business.

9. Under Part I – Liability to Others, the commercial auto form of the UFCC policy contained the following insuring agreement:

> **INSURING AGREEMENT - LIABILITY TO OTHERS**
>
> Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense** for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.
>
> **We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

10. Under Part I – Liability to Others, the commercial auto form of the UFCC policy contained the following exclusions:

> Coverage under this Part I, including **our** duty to defend, does not apply to:
>
> …
>
> 3. **Worker's Compensation**
>    Any obligation for which an **insured** or an

insurer of that **insured**, even if one does not exist, may be held liable under workers' compensation, unemployment compensation, disability benefits law, or any similar law.

...

5. **Employee Indemnification and Employer's Liability**
   **Bodily injury** to:

   a. An **employee** of any **insured** arising out of or within the course of:

      (i) That **employee's** employment by any **insured**; or

      (ii) Performing duties related to the conduct of any **insured's** business; or

   b. The spouse, child, parent, brother or sister of that **employee** as a consequence of Paragraph a. above.

   This exclusion applies:

   a. Whether the **insured** may be liable as an employer or in any other capacity; and

   b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

...

6. **Fellow Employee**
   **Bodily injury** to:

   a. a fellow **employee** of an **insured** injured while within the course of their employment or while performing duties related to the conduct of **your** business.

   b. the spouse, child, parent, brother, or sister of that fellow **employee** as a consequence of Paragraph a. above.

...

11. The commercial auto form of the UFCC policy contained the following definition of "employee" as used in the policy:

> ...
>
> 5. "**Employee**" includes a ... statutory employee. ...
>
> ...

12. Under Coverage A of the commercial general liability form, the UFCC policy contained the following insuring agreement with respect to bodily injury and property damage claims:

> 1. **Insuring Agreement**
>    a. **We** will pay those sums, OTHER THAN PUNITIVE OR EXEMPLARY DAMAGES, that the **insured** becomes legally obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies. **We** will have the right and duty to defend the **insured** against any suit seeking those damages. However, **we** will have no duty to defend the **insured** against any suit seeking damages for **bodily injury** or **property damage** to which this insurance does not apply. **We** may, at **our** discretion, investigate any **occurrence** and settle any claim or suit that may result. However:
>
>    (1) The amount **we** will pay for damages is limited as described in Section II – Limits Of Liability; and
>
>    (2) **Our** right and duty to defend ends when **we** have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A and B or medical expenses under Coverage C;
>
>    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

      b. This insurance applies to **bodily injury** and **property damage** only if:

        (1) The **bodily injury** or **property damage** is caused by an **occurrence** that takes place in the coverage territory; and

        (2) The **bodily injury** or **property damage** occurs during the policy period.

…

13. Under Coverage A of the commercial general liability form, the UFCC policy contained the following exclusions:

> **EXCLUSIONS - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS ENDORSEMENT.**
>
> Coverage under Coverage A does not apply to:
>
> …
>
> e. **Employer's Liability**
> **Bodily injury** to:
>
> (1) An employee of any **insured** arising out of or within the course of:
>
>     i. that employee's employment by any **insured**; or
>
>     ii. performing duties related to the conduct of any **insured's** business; or
>
> (2) The spouse, child, parent, brother or sister of that employee as a consequence of Paragraph a. above.
>
> This exclusion applies:
>
> (a) Whether the **insured** may be liable as an employer or in any other capacity; and
>
> (b) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

...

  f. **Aircraft, Auto or Watercraft**
   **Bodily injury** or **property damage** arising out of:

   (1) The ownership, maintenance, use, or entrustment to others of any aircraft, **auto** or watercraft owned or operated by or rented, leased or loaned to any **insured**; or

   (2) Any **auto you** do not own, lease, hire, rent or borrow that is used in connection with **your** business.

   Use includes operation and **loading** or **unloading**.

   This exclusion applies even if the claims against any **insured** allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that **insured**, if the **occurrence** which caused the **bodily injury** or **property damage** involved the ownership, maintenance, use or entrustment to others of any aircraft, **auto** or watercraft that is owned or operated by or rented or loaned to any **insured**.

  ...

14. The commercial general liability form of the UFCC policy contained the following definition of "insured" as used in the policy:

  ...

  7. **"Insured"** means:

   a. If **you** are designated in the **Declarations Page** as:

    ...

    iv. An organization other than a partnership, joint venture or limited liability company: **you. Your** "executive officers" and directors are also **insureds**, but only with respect to their duties as **your** officers or

>   directors. **Your** stockholders are also **insureds**, but only with respect to their liability as stockholders.
>
>   ...
>
>   b. Each of the following is also an **insured**:
>
>   ii. **Your** employees, other than **your** executive officers (if **you** are an organization other than a partnership, joint venture or limited liability company) or **your** managers (if **you** are a limited liability company), but only for acts within the scope of their employment by **you** or while performing duties related to the conduct of **your** business.
>
>   ...

15. The UFCC policy was endorsed with an MCS-90 endorsement in compliance with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration. The endorsement stated:

>   The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMSCA).
>
>   In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless

of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. …

16. On November 27, 2022, Haolin Lu and Xuezhi Ren, as a tandem team of drivers, were operating a tractor-trailer combo owned, leased, rented, and/or operated by The Wheel Logistics, Inc. on an interstate drive to deliver cargo. The Wheel Logistics, Inc. hired Haolin Lu and Xuezhi Ren to operate the tractor-trailer combo. The trip began in California. The tandem drivers were driving the tractor-trailer combo to Tennessee. While operating the tractor-trailer combo in Oklahoma, the tandem team was involved in a collision (the "accident"). Xuezhi Ren claims he sustained injuries as a result of the accident.

17. On May 17, 2023, Xuezhi Ren filed a complaint in Los Angeles Superior Court action no. 23STCV11105 (the "injury lawsuit"). In the injury lawsuit, Xuezhi Ren alleges he sustained bodily injuries as a result of the accident and The Wheel Logistics, Inc. and Haolin Lu are legally responsible for such injuries. A true and correct copy of the complaint in the injury lawsuit is attached hereto as Exhibit "A."

18. Xuezhi Ren wants to be paid for his claimed injuries. If UFCC does not pay him money under the UFCC policy, he intends to obtain a judgment in the injury lawsuit against The Wheel Logistics, Inc. and Haolin Lu and collect on that judgment by, among other things, filing suit against UFCC under CAL. INS. CODE § 11580(b)(2), which gives a

judgment creditor a statutory right to enforce any liability insurance covering the judgment debtor insured(s).

19. Under 49 C.F.R. 390.5, Haolin Lu and Xuezhi Ren were employees of The Wheel Logistics, Inc. at the time of the accident, even if the two drivers and such companies agreed each driver was an independent contractor. The regulation states:

> Employee means any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and a freight handler. ...

20. At the time of the accident, The Wheel Logistics, Inc. was designated as a corporation in the declarations page of the UFCC policy.

21. At the time of the accident, Haolin Lu was an insured under the UFCC policy.

22. Xuezhi Ren's claimed bodily injuries from the accident arose out of his employment with The Wheel Logistics, Inc.

23. Xuezhi Ren's claimed bodily injuries from the accident arose within the course of his employment with The Wheel Logistics, Inc.

24. Xuezhi Ren's claimed bodily injuries from the accident arose out of his performing duties related to the conduct of The Wheel Logistics, Inc.'s business.

25. Xuezhi Ren's claimed bodily injuries from the accident arose within the course of his performing duties related to the conduct of The Wheel Logistics, Inc.'s business.

26. Xuezhi Ren's claimed bodily injuries from the accident arose out of the ownership, maintenance, use, or entrustment to others of an auto owned or operated by The Wheel Logistics, Inc.

27. Xuezhi Ren's claimed bodily injuries from the accident arose out of the ownership of an auto operated by Haolin Lu.

28. At the time of the accident, the tractor-trailer combo occupied by Xuezhi Ren was being used in connection with The Wheel Logistics, Inc.'s business.

## FIRST CAUSE OF ACTION

*(Declaratory Relief on Duty to Indemnify – Against all Defendants)*

29. UFCC incorporates the allegations in paragraphs 1–28 as though fully set forth within this first cause of action.

30. An actual controversy exists between UFCC and each defendant. On the one hand, UFCC contends it has no obligation under the UFCC policy to indemnify The Wheel Logistics, Inc. or Haolin Lu against claims in the injury lawsuit or otherwise arising out of the accident, because:

    a. The UFCC policy excludes coverage for employee and fellow employee injuries, and Haolin Lu and Xuezhi Ren were employees of The Wheel Logistics, Inc. at the time of the accident; and

    b. The UFCC policy excludes coverage for injuries arising out of the ownership, maintenance, use, or entrustment to others of an auto owned or operated by The Wheel Logistics, Inc. and/or Haolin Lu or used in connection with The Wheel Logistics, Inc.'s business, and Xuezhi Ren's claimed bodily injuries from the accident arose out of the ownership, maintenance, use, and/or entrustment to others of an auto

owned and/or operated by The Wheel Logistics, Inc. and/or Haolin Lu and/or used in connection with The Wheel Logistics, Inc.'s business.

31. On the other hand, UFCC is informed and believes and thereon alleges that each defendant contends that UFCC does have such an obligation.

32. A judicial determination is necessary and appropriate at this time regarding the respective rights and duties of UFCC and each defendant under the UFCC policy, specifically, for a declaration that UFCC has no obligation under the UFCC policy to indemnify The Wheel Logistics, Inc. or Haolin Lu against claims in the injury lawsuit or otherwise arising out of the accident.

## SECOND CAUSE OF ACTION

*(Declaratory Relief on Duty to Defend – Against all Defendants)*

33. UFCC incorporates the allegations in paragraphs 1–28 as though fully set forth within this second cause of action.

34. An actual controversy exists between UFCC and each defendant. On the one hand, UFCC contends it has no obligation under the UFCC policy to defend The Wheel Logistics, Inc. or Haolin Lu against claims in the injury lawsuit or otherwise arising out of the accident, because:

    a. The UFCC policy excludes coverage for employee and fellow employee injuries, and Haolin Lu and Xuezhi Ren were employees of The Wheel Logistics, Inc. at the time of the accident; and

    b. The UFCC policy excludes coverage for injuries arising out of the ownership, maintenance, use, or entrustment to others of an auto owned or operated by The Wheel Logistics, Inc. and/or Haolin Lu or used in connection with The Wheel Logistics, Inc.'s business, and

Xuezhi Ren's claimed bodily injuries from the accident arose out of the ownership, maintenance, use, and/or entrustment to others of an auto owned and/or operated by The Wheel Logistics, Inc. and/or Haolin Lu and/or used in connection with The Wheel Logistics, Inc.'s business.

35. On the other hand, UFCC is informed and believes and thereon alleges that each defendant contends that UFCC does have such an obligation.

36. A judicial determination is necessary and appropriate at this time regarding the respective rights and duties of UFCC and each defendant under the UFCC policy, specifically, for a declaration that UFCC has no obligation under the UFCC policy to defend The Wheel Logistics, Inc. or Haolin Lu against claims in the injury lawsuit or otherwise arising out of the accident.

## THIRD CAUSE OF ACTION

*(Declaratory Relief on Duty to Pay for Legal Liability under MCS-90 Endorsement – Against all Defendants)*

37. UFCC incorporates the allegations in paragraphs 1–28 as though fully set forth within this third cause of action.

38. An actual controversy exists between UFCC and each defendant. On the one hand, UFCC contends it has no obligation under the MCS-90 endorsement to the UFCC policy to pay for claims in the injury lawsuit or otherwise arising out of the accident, because the endorsement does not apply to employee injuries and Xuezhi Ren was an employee of The Wheel Logistics, Inc. On the other hand, each defendant contends that UFCC does have such an obligation.

39. A judicial determination is necessary and appropriate at this time regarding the respective rights and duties of UFCC and each defendant under the MCS-90 endorsement to the UFCC policy,

specifically, for a declaration that UFCC has no obligation under the endorsement to pay for claims in the injury lawsuit or otherwise arising out of the accident.

## PRAYER

Wherefore, UFCC prays for judgment as follows:

1. A judicial declaration that UFCC has no obligation under the UFCC policy to indemnify The Wheel Logistics, Inc. or Haolin Lu against claims in the injury lawsuit or otherwise arising out of the accident;

2. A judicial declaration that UFCC has no obligation under the UFCC policy to defend The Wheel Logistics, Inc. or Haolin Lu against claims in the injury lawsuit or otherwise arising out of the accident;

3. A judicial declaration that UFCC has no obligation under the MCS-90 endorsement to the UFCC policy to pay for any claims in the injury lawsuit or otherwise arising out of the accident;

4. For costs of suit incurred herein; and

5. For such further relief the court deems just and proper.

June 9, 2023                          PATRICK HOWE LAW, APC

                                      By: */s/ Patrick M. Howe*
                                      Patrick M. Howe
                                      Attorney for plaintiff United
                                      Financial Casualty Company

**DEMAND FOR TRIAL BY JURY**

UFCC demands a jury trial on all issues in this action.

June 9, 2023                    PATRICK HOWE LAW, APC

By: */s/ Patrick M. Howe*
Patrick M. Howe
Attorney for plaintiff United Financial Casualty Company